WIET ADAMS, STATE REVENUE AGENT, v. VICKSBURG WATER-
WORKS COMPANY.

[47 South. 530.]

TAXATION. *Assessment. Description of property. "Capital invested in merchandise and manufacturing."*

An assessment for taxation of a waterworks company for "capital invested in merchandise and manufacturing" includes its pipes, hydrants, etc., but not its solvent credits.

FROM the circuit court of Warren county.

HON. JNO. N. BUSH, Judge.

Adams, state revenue agent, appellant, was plaintiff in the court below; the Waterworks Company, appellee, was defendant there. The object of the suit was to have the defendant, Waterworks Company, assessed for back taxes. From a decision partly adverse to the plaintiff he appealed to the supreme court and defendant prosecuted a cross appeal from that part of the decree adverse to it. The facts are sufficiently apparent from the opinion of the court.

*Bryson & Dabney,* for appellant and cross appellee.

The revenue agent prosecuted an appeal from so much of this judgment as excluded the assessment of mains, pipes, hydrants, detached machinery, etc., and the waterworks company prosecuted a cross appeal from so much of the same as sustained the assessment of solvent credits.

The assignment of errors filed by the revenue agent raises one question only, to wit: Did the assessment as given in by the waterworks company of "capital invested in merchandise and manufacturing" include the mains, pipes, hydrants, etc.? The court below held that it did and this is assigned for error.

The assignment of error on the cross appeal raises only one question, to wit: did the assessment of "capital invested in mer-

chandise and manufacturing" include and embrace the solvent credits? The court below held that it did not and this the appellee, cross appellant, assigned as error.

We shall not repeat the argument but merely refer the court to our brief in the case of *Adams v. Bullock, ante,* p. 27.

*McLaurin, Armistead & Brien,* for appellee and cross appellant.

It is admitted by the demurrers that the capital stock paid in at its market value, of the appellee, a corporation, was properly listed to the assessor and that the assessor placed said assessment on the assessment rolls of Warren county under the items mentioned in the statutory list designated as "capital invested in merchandise and manufacturing," which assessment was approved by the board of supervisors and the taxes paid to the state and county on this amount of capital invested in the business of the corporation, which was furnishing water to the city of Vicksburg and its inhabitants.

The court will notice from an inspection of the record that it is an attempt to ignore the statutory method of the taxation of private corporations by listing the capital stock paid in, and its market value and who owns the shares thereof, and to assess said corporate property not according to the scheme provided by the statute, but as the property of an individual, and the revenue agent proceeds to assess: First—The franchise of this corporation; then its mains, pipes, hydrants, detached machinery, pumps, tools, implements, etc., separately, notwithstanding the fact that the record admits and there is no issue in the case, that the corporation did list its capital stock to the assessor and paid on the amount of money employed in its business; and notwithstanding it is admitted in the record that the corporation did assess its capital stock and the market value thereof, as required by law, it is attempted in this record to also reassess its solvent credits consisting of open accounts, money loaned, money on hand, etc., as found in the notice.

We have therefore before us an effort on the part of the reve-
nue agent to ignore what this court had distinctly held in the
*State v. Simmons,* 70 Miss. 485, 12 South. 477 and *Bank of
Oxford v. Town of Oxford,* 70 Miss. 504, 12 South. 203.     In
*State v. Simmons,* the court on page 501 said:

"Though as we have said, the details of the plan of taxing
corporations are left somewhat uncertain by our laws, it is ob-
vious that the purpose is to tax under the comprehensive desig-
nation of corporate stock, as its market value, all species of
property owned by the corporation, whatever, enters as a factor
in determining its value."

And at the foot of the page the court further says:

"Values, when fixed by the conjoint action of the citizen and
the constituted authorities, cannot again be made the subject
of controversy between the state and the citizen, but are defi-
nitely and conclusivley fixed by the final action upon the assess-
ment rolls according to law."

This case of the *State v. Simmons* is distinctly upheld in the
majority of opinion in the case of *Revenue Agent v. Clark,* 80
Miss. 150, 31 South. 216, where the court says:

"The doctrine of *State v. Simmons,* 70 Miss. 490, is a whole-
some doctrine on this point and will be firmly upheld by us in
all proper cases."

And on page 153 of the same opinion, the court further says,
speaking of what the legislature intended, that

"It did intend and provide that as to the value of the prop-
erty brought to the attention of the court, its judgment should
be conclusive."

And the dissenting opinion of Mr. Justice CALHOON in that
case says on page 158:

"As to amount, it is made up of particulars valued in the
aggregate, each particular being a factor in the aggregation, es-
cape from taxation or assessment cannot be predicated of any
of the factors."

And further on, near the foot of the same page, he says again:

"They were assessed not specifically but as elements of the amount given as the aggregate."

And at the foot of page 159 condemning the idea that these assessments had to be itemized, the court said:

"It will hardly be contended that one who had given in . . . amount of capital employed in merchandise or manufacturing, filling out the blanks with definite sums, is liable years afterwards to be reassessed as to these things."

We ask the court how can the taxpayer be protected from being reassessed repeatedly if the contention of appellant is true, because of the failure of the constituted authorities of law who fix the assessment and fix its designation on the assessment roll if the revenue agent can come along after the board has acted on the assessment approving the roll and the taxes have been paid, all that is due to the state and county, and then say, notwithstanding, Mr. Taxpayer, you have paid the taxes and assessment fully covering the market value of all the capital stock of your corporation, still because it is not listed right on the assessment roll, I, as agent of the state, will reassess you and make you pay this amount over again?

Surely the state of Mississippi wants none of its citizens to be treated in this way. The good morals of the proposition is shocking to the mind of any fair-minded man.

A further answer to this is that it does not fall within the powers of the revenue agent because, under such circumstances as is admitted in this record the appellee's property had not "escaped taxation by reason of being assessed." *Adams v. Luce,* 87 Miss. 220; *Panola County v. Carrier,* 92 Miss. 148.

It is but an effort to ignore the corporate assessment scheme of joint stock companies by the market value of their capital stock and assess each item making up the market value of the capital stock, such as its franchise, earnings, profits and dividends; deposits in bank and capital employed.

As was said in *Farrington v. Tennessee,* 95 U. S. 679, such mode of taxation of corporate interests may be effected, but the

court in discussing this case in the case of *State v. Simmons,.* 70 Miss. 501, distinctly says that such a mode of taxing corporate stock and its market value by taxing the separate items that make up its market value, is not the plan of taxing corporations adopted by the laws of the state of Mississippi and condemns exactly what was sought to be done in this case.

The court below erred in assessing appellee with solvent credits for the years that the record showed it had paid on the market value of its capital stock, because the solvent credits of a corporation necessarily determine the market value of its capital stock. The solvent credits may be the very fund that might make up the capital stock worth two or three for one, and if that value had been placed upon the assessment roll as capital employed in that business and the taxes paid on it to the state and county, which is admitted by this record and so found by the court, surely it cannot be contended that the solvent credits can be assessed after the capital stock of the corporation has been paid on at its market value. This is but one of the items that make up the market value.

It is insisted by appellant, the revenue agent, that notwithstanding the capital stock had been paid on at its market value, as shown by this record and admitted on demurrer, still they can assess the mains, pipes, hyrants, pumps, detached machinery and all things by which the corporation exercises its powers of furnishing water to the city of Vicksburg and its inhabitants, and this is sought to be done in this record. This, we say, is condemned by the reasoning above that these are but elements of the aggregate amounts and that no assessment can be predicted of any of the factors making up the value of the capital stock.

MAYES, J., delivered the opinion of the court.

The opinion in the case of *Wirt Adams, Revenue Agent, v. Samuel R. Bullock & Co., ante,* 27, 47 South. 527, practically settled all the contentions in this case.

The Vicksburg Waterworks Company was one of the subse-
quent owners of the franchise originally granted to Samuel R.
Bullock & Co., its successors, etc., and owned the waterworks
in question for the years 1901, 1902, and 1903. The object of
this suit is to assess for back taxes for the state and county for
the years above named, the mains, pipes, hydrants, detached
machinery, pumps, implements, etc., which the revenue agent
claims escaped taxation for the years 1901, 1902, 1903, and also
to assess the waterworks company with solvent credits consist-
ing of open accounts, money loaned, money on hand, etc., for
the years 1901, 1902, 1903, 1904, and 1905, also claimed by
the revenue agent not to have been assessed by the waterworks
company for these years.

In this case, as in other cases, we shall not set out the plead-
ings, since the question to be decided is not to be determined by
the applicability of any of the pleadings, but on its merits.
There is an agreement in the record which shows that the par-
ties agree that the value of the solvent credits belonging to the
waterworks company were as follows, to wit: For 1901, noth-
ing; for 1902, $5,000; for 1903, $5,000; for 1904, $25,000;
for 1905, $30,000. It is further agreed that the only property
which was listed for taxation against the Vicksburg Water-
works Company for the years in question appears on the per-
sonal rolls of the county and shows that the waterworks com-
pany was assessed as follows: That is to say, only on "capital
invested in merchandise and manufacturing," and this only for
the years 1901, 1902, and 1903, there being no other assess-
ment of any kind against this company for the years 1904 and
1905, it having conveyed the property to the City Waterworks
Company some time in 1903. On the hearing a jury was
waived and the questions submitted to the court for decision.
The court adjudged that the property listed for taxation under
the head of "capital invested in merchandise and manufactur-
ing" included the mains, pipes, hydrants, etc., and ordered the
assessment returned by the board of supervisors against this

specific property to be stricken out, but the court further held that the description above set out did not include the solvent credits, and that same were legally assessable at the agreed value for the years 1902, 1903, 1904, and 1905, excluding the year 1901 because it was agreed that for that year the solvent credits had no value. From this order of the court, the revenue agent appeals as to that part disallowing for taxation the mains, pipes, hydrants, etc., and the Vicksburg Waterworks Company prosecutes a cross appeal from that part of the judgment assessing for taxation the solvent credits.

We think this case should be affirmed on both appeal and cross appeal. As to the direct appeal, the listing of the property as "capital invested in merchandise and manufacturing" must include the pipes, hydrants, etc., as these things necessarily constitute the capital invested in this business. The description in the tax list is meaningless if it does not comprehend this class of property under the facts of this case. But, while this is true, by no sort of distorted definition of the meaning of "capital invested in merchandise and manufacturing" can it be made to comprehend solvent credits. A solvent credit is a thing quite distinct from property designated as "capital invested in merchandise or manufacturing." When listed for taxation, a solvent credit cannot be said to be "capital invested in manufacturing." It is a separate and distinct kind of property, and should be listed as such for taxation.

The judgment is affirmed on direct and cross appeal.

*Affirmed.*